**Entered on Docket**
**June 30, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: June 30, 2008**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                        No. 08-41296 T
                                             Chapter 11
QUAIL LAKE ESTATES ASSOCIATES,
L.P.,

               Debtor.
_____/

### MEMORANDUM IN PREPARATION FOR TELEPHONE CONFERENCE

The above-captioned chapter 11 case was filed on March 19, 2008. The debtor concedes that it is a single asset real estate case. The holder of the first deed of trust on the real property, BankFirst, has filed a motion for relief from the automatic stay. Pursuant to 11 U.S.C. § 362(d)(3), BankFirst was entitled to relief from the automatic stay unless by June 17, 2008 the debtor either commenced payments on the secured debt or filed a reorganization plan that had a reasonable possibility of being confirmed within a reasonable time. The debtor did not commence payment on the secured debt by June 18, 2008. However, on June 17, 2008, the debtor filed a plan and disclosure statement. A telephone status conference is scheduled for July 1, 2008 to discuss how to proceed.

The Court has reviewed the plan and disclosure statement. The Court concludes that, as presently drafted, the disclosure statement is inadequate in that it does not contain a sufficient discussion of the feasibility of the plan. Until that discussion is amplified, the Court will be unable to determine whether the BankFirst is entitled to relief from the automatic stay on nonfeasibility grounds. However, before even reaching that question, the Court observes that, as presently drafted, the plan is nonconfirmable.

The plan does not unconditionally promise any payment to general, unsecured creditors. It proposes that holders of interests will retain their interests. Section 1126(g) of the Bankruptcy Code provides that a class of claims is deemed to have rejected a plan if the plan does not provide for any payment to the claimants. Section 1129(b)(2)(B)(ii) provides that a plan can only be confirmed over the rejection of the class of unsecured creditors if the interest holders do not retain their interests.

Thus, to satisfy confirmation standards, the plan must be revised to provide some meaningful payment to the unsecured creditors. Because of the time limitation set forth in § 362(d)(3), the Court would expect the debtor to do this without delay: e.g., within 10 days.

The Court will expect the debtor to address this issue during the telephone conference.

END OF DOCUMENT

2

Case: 08-41296   Doc# 56   Filed: 06/30/08   Entered: 06/30/08 14:12:09   Page 2 of 3

COURT SERVICE LIST

James D. Wood
Law Offices of James D. Wood
3675 Mt. Diablo Blvd. #250
Lafayette, CA 94549-3775

David M. Wiseblood
Seyfarth Shaw LLP
560 Mission St., Ste. 3100
San Francisco, CA 94105

3